IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

JOHN STEVEN GREEN,        )
        )
        Petitioner,     )
        )
   vs.        )      **Case No. 11-5040-CV-SW-RED**
        )      **Crim No. 08-5028-01-CR-SW-RED**
UNITED STATES OF AMERICA,  )
        )
        Respondent.   )

## <u>ORDER</u>

Before the Court is Petitioner John Steven Green's ("Green") Motion Pursuant to Section

2255 of Title 28 (Doc. 1). For the following reasons, the Court **DENIES** Petitioner's Motion.

## BACKGROUND

Green pled guilty on October 19, 2010 to Count One of the Superseding Indictment for

attempting to sexually exploit a minor. The factual basis of the plea agreement states that Green

began communicating online with an individual purporting to be a 13 year old female named

"Candy." "Candy" was not a minor, but was actually Detective Ed Bailey ("Bailey"), who

worked for the Jasper County Sheriff's Department as a member of the computer crimes task

force. Green expressed to "Candy" that he wanted to meet her, have sex with her and film this

encounter. Eventually Green and "Candy" agreed to meet at a motel in Carthage, Missouri.

When Green arrived at the motel, he was arrested. Green admitted to the police officers that he

had traveled to Carthage to have sexual intercourse with a 13 year old female and that he

intended to record the encounter with a webcam that he had brought with him. Green was found

with two webcams in his possession, the other webcam Green intended to give to "Candy" so

that she could "expose herself and  masturbate for him" after Green returned to Columbia. (Plea

Agreement Doc. 73 p. 2). After Green's guilty plea, he was sentenced to a term of imprisonment of 220 months, followed by supervised release for a term of life. Green did not appeal his sentence and conviction.

Now Green moves to collaterally challenge his criminal sentence pursuant to his Motion filed under 18 U.S.C. § 2255. Green raises 15 grounds in his § 2255 Motion.

## ANALYSIS

Green purports to raise 15 grounds in his § 2255 Motion. The Government first argues that grounds One through Seven and Nine through Fifteen in the § 2255 Motion should be denied because Plaintiff entered into a plea agreement which waived his right to raise these grounds on appeal or in a § 2255 action.

*Green waived the right to assert Grounds One through Seven, Nine, Ten, Twelve, Thirteen and Fifteen*

A defendant may waive his or her right to seek collateral relief under 28 U.S.C. § 2255. *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011). The waiver will be upheld and enforced "when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage of justice." *Id*.

Turning to the issue of a knowing and voluntary waiver, the Eighth Circuit has found that "[o]ne important way a district court can help ensure that a plea agreement and corresponding waiver are entered into knowingly and voluntarily is to properly question a defendant about his or her decision to enter that agreement and waive the right to appeal." *United States v. Andis*, 333 F.3d 886, 890-91 (8th Cir. 2003). The record demonstrates that Green's waiver of his right to seek collateral relief was entered into knowingly and voluntarily. At the change of plea

hearing on October 19, 2010, the Court proceeded to ask Green multiple questions to determine

whether Green understood the terms of the plea agreement and wanted the Court to enforce the

plea agreement.  The Court directed Green to page 12, paragraph 15 of the plea agreement which

is titled 'Waiver of Appellate and Post-Conviction Rights.'  The Court informed Green that in

paragraph 15, Green would:

> waive some rights that [he] would otherwise have.  There it says in Part A that
> [Green] acknowledge[s], understand[s] and agree[s] that by pleading guilty ...
> pursuant to this plea agreement, [he] is going to waive [his] right to appeal or
> collaterally attack the finding of guilt that [the Court] will make following the
> acceptance of the plea except on the grounds of ineffective assistance of counsel
> or prosecutorial misconduct.
> (Change of Plea Transcript p. 12 ln. 14-22).

Green was then specifically asked if he agreed with the Court's statement, to which he

responded yes.

The Court then informed Defendant of Part B to the plea agreement, the relevant portion

being that aside from challenging sentencing guideline issues pertaining to certain statutory

enhancements, [Green] expressly waive[s] the right to appeal the sentence that [he is] going to

get on any ground except claims of ineffective assistance of counsel, prosecutorial misconduct,

or an illegal sentence."  (Change of Plea Transcript p. 13 ln. 4-7).  The Court went on to define

an illegal sentence as "a sentence imposed in excess of the statutory maximum but does not

include less serious sentencing errors such as a misapplication of the sentencing guidelines, an

abuse of discretion or the imposition of an unreasonable sentence."  (Change of Plea Transcript

p. 13 ln. 7-11).  The Court then asked if Green agreed with the Court's statement and he

responded yes.  The Court also asked Green if anyone had tried to pressure him or coerce him

into entering his plea of guilty, to which he responded no.  (Change of Plea Transcript p. 13-14).

Given the Court's questioning and Green's responses at the hearing, Green knowingly and voluntarily entered into a waiver of his right to collaterally challenge his sentence.

The Court must also determine whether the grounds the Government wishes the Court to deem waived are within the scope of the waiver and whether enforcing the waiver will result in a miscarriage of justice. The plea agreement clearly waives Green's right to collaterally attack his sentence for all claims except for ineffective assistance of counsel, prosecutorial misconduct, an illegal sentence, statutory enhancements under 18 U.S.C. § 2251(e) and sentencing guideline issues that were not agreed upon between Green and the Government. To the extent there are any ambiguities, the Court must construe such ambiguities against the Government. *Andis*, 333 F.3d at 890. Green does not address the scope of waiver or miscarriage of justice issues in his Motion or Reply.

Ground One asserts a violation of due process. Green argues that the undercover police officer Ed Bailey conducted a 'sting' to catch Green without any guidelines or procedures in place for Bailey to follow. The due process argument clearly falls within the scope of the waiver. With respect to whether dismissing Ground One will result in a miscarriage of justice, the Eighth Circuit has reasoned that "waivers are contractual agreements between a defendant and the Government and should not be easily voided by the courts" under the miscarriage of justice exception. *Andis*, 333 F.3d at 891. The Eighth Circuit has not defined all aspects that constitute a miscarriage of justice, but has found that challenges to an illegal sentence, ineffective assistance of counsel, and possibly sentences based on constitutionally illegal factors fit under the exception. *Id.* In this particular case, denying Green's due process challenge to the procedures (or what is alleged to be a lack of procedures) utilized by Bailey would not constitute

4

a miscarriage of justice.  The miscarriage of justice exception should be interpreted narrowly and Green does not show how his due process challenge should fit under this exception.  It is also apparent that the due process claim is  not similar to the recognized challenges the Eighth Circuit has allowed to proceed under the miscarriage of justice exception.  Therefore, Ground One should be denied as waived.

Grounds Two through Seven, Nine, Ten, Twelve, Thirteen and Fifteen should also be denied for the same reasons given above.  Ground Two is purportedly a First Amendment challenge (but likely more accurately described as a challenge to the sufficiency of the evidence) to the fact that Bailey did not establish the age of his online persona to be a minor.  Ground three alleges that the grand jury was given misinformation in that they were told that Green was previously convicted under Missouri law, whereas he argues that he was given a suspended imposition of sentence ("SIS") which he alleges does not constitute a conviction.[1]  Ground Four argues criminal entrapment in that Green alleges that Bailey continued to communicate with Green after Green ceased communication and Bailey also threatened to physically assault Green.  Ground Five argues that Bailey should have obtained a warrant and followed guidelines while investigating Green.  Ground Six, titled ex post facto, charges that the alleged minor's age that Bailey impersonated online was not discussed until more than a month into the discussions between Bailey and Green and therefore the entire investigation violates the ex post facto clauses of the Constitution.  Ground Seven is a challenge to the sufficiency of the evidence and alleges

---

[1] However, in his reply Green argues that whether a SIS is a conviction under Missouri law or not, the grand jury should not have been given an Information with the phrase "having previously been convicted under Missouri law," as it is an attempt to admit prior bad acts for the grand jury to consider.

that the facts do not support that Green attempted to produce child pornography because he did

not have the requisite software on his computer to produce child pornography with his webcam.

Ground Nine is another claim of entrapment on the basis that Bailey continued to 'whine' and

'beg' for Green to show up to the motel  after Green did not show up on the first two occasions.

Ground Ten is another argument attacking the alleged failure of Bailey to follow procedures for

online stings by Bailey allegedly hiding the age of the minor that Bailey was impersonating.

Ground Twelve argues that Bailey represented in an interview with a Joplin television station

that he begins every communication with the age, sex and location of the person he is purporting

to be and while under oath, Bailey stated that he mentioned the age of the minor as 13 frequently

with Green, but Green argues that Bailey mentioned the age 13 only once.  Ground Thirteen

simply states that the "[r]ights of a mythical persona do not outweigh the rights of a real

individual." (Doc. 1 p. 4).  Finally, Ground Fifteen simply argues that an 18 year sentence "for a

crime of the mind is cruel and unusual." (Doc. 1 p. 5).  All of these Grounds, for the same

reasons previously discussed under Ground One, are also waived and the Court finds no

miscarriage of justice results in the enforcement of the waiver.

*Federal jurisdiction was properly asserted in the underlying criminal proceedings*

One argument the government incorrectly argues Green waived is Ground Fourteen.

Ground Fourteen alleges that the Government lacks jurisdiction to prosecute the underlying

criminal case because there is no interstate commerce establishing federal jurisdiction.  Green

only elaborates on this statement by conclusory arguing that "there was nothing going on in this

case that crossed the state lines." (Doc. 7 p. 4).

The Eighth Circuit has determined that [i]n pleading guilty, a defendant waives all

challenges to the prosecution except those related to jurisdiction." *Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989). *See also Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) (noting that a "a valid guilty plea forecloses an attack on a conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.' ") (quoting *United States v. Vaughan*, 13 F.3d 1186, 1188 (8th Cir. 1994)). Therefore, Green's jurisdictional challenge is not waived pursuant to the plea agreement.

However, Ground Fourteen is without merit. To begin with, the factual basis for the plea agreement states very clearly that the Dell computer and the two webcams found in Green's possession when he was arrested were manufactured outside the state of Missouri and Green was arrested in Carthage, Missouri. Green does not challenge these facts contained in the plea agreement. Clearly, at the very least, the fact that the computer and the webcams traveled across state lines is sufficient to establish federal jurisdiction over this case, as 18 U.S.C. § 2251(a) criminalizes the sexual exploitation of a minor by producing child pornography with materials made, shipped, or transported in or affecting interstate or foreign commerce. *See United States v. Betcher*, 534 F.3d 820, 824 (8th Cir. 2008) (recognizing that the Eighth Circuit has repeatedly determined that production of child pornography with interstate materials is constitutional); *United States v. Culver*, 598 F.3d 740, 746-47 (11th Cir. 2010) (rejecting a challenge to the constitutionality of 18 U.S.C. § 2251 and finding that a component of a videotape that was manufactured in Japan and transported to Alabama gave the district court jurisdiction over the criminal conduct at issue). Furthermore, even if it is alleged, which Green has not done, that the child pornography would never have been transported in interstate or foreign commerce or was solely for personal use, § 2251(a) also criminalizes intrastate child pornography and the

production of child pornography for personal use. *See United States v. Mugan*, 441 F.3d 622, 628-30 (8th Cir. 2006) (recognizing § 2251(a) criminalizes the intrastate production of child pornography); *United States v. Poulin*, 631 F.3d 17, 20-21 (1st Cir. 2011) (recognizing § 2251(a) criminalizes production of child pornography solely for personal use). Therefore, Green's challenge to federal jurisdiction is clearly without merit.

*Green procedurally defaulted the right to allege prosecutorial misconduct*

Another ground the Government argues Green waived is Ground Eleven for prosecutorial misconduct. However, the plea agreement expressly allows Green to assert a prosecutorial misconduct claim. Green argues the prosecutorial misconduct was the Government's alleged failure to disclose to Green the name and age of the minor depicted in the photo depicted as "Candy." Green argues he could have used this information to establish that the alleged minor was actually 22 years old and therefore he is innocent of the sexual exploitation of minor charge to which he plead guilty. The Government argues that Green cannot assert this claim because he failed to raise it on direct appeal and therefore the claim is procedurally defaulted.

A "claim unraised on direct appeal is procedurally defaulted unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence. *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001). In this case, it is clear that the prosecutorial misconduct claim was not raised on direct appeal, as no direct appeal was filed. It also does not appear that prosecutorial misconduct is a claim, such as ineffective assistance of counsel, that should generally be raised for the first time in a collateral proceeding and the Court is not aware of any authority stating as such. Therefore, Green must establish cause for the default and actual prejudice. *See Turner v. United States*, No. 4:10CV01350 ERW, 2011 WL 2580104, at *2 (E.D.

Mo. June 28, 2011) (finding prosecutorial misconduct claims were procedurally defaulted when not raised on direct appeal). Green attempts to argue that his counsel's ineffectiveness was the cause of the default, although Green does not use these exact terms, and this ineffectiveness led Green to not understand the direct appeal process. Undermining Green's argument, however, is the fact that the Court clearly explained Green's direct appeal rights at the sentencing hearing, and Green indicated he understood the Court's instructions. Green also fails to elaborate how his counsel caused him to not understand the direct appeal process. Finally, Green cannot meet the actual innocence exception because Green believed, as set forth in the plea agreement, that "Candy" was a 13 year old female, which is sufficient to constitute criminal conduct under 18 U.S.C. § 2251 even if the purported minor was an undercover officer and the picture given to Green did not depict an actual minor. *See United States v. Pierson*, 544 F.3d 933, 938 (8th Cir. 2008) (finding the elements for a conviction under § 2251 were met when the evidence showed that the defendant believed an "undercover profile" was a minor where he asked the officer questions designed to determine whether the profile was a female minor and stated that he believed she was a fourteen year old female).

Furthermore, it should be noted that the Government states that it disclosed to Green's counsel that the picture used to represent "Candy" was a picture of a Joplin police employee that was modified to make the employee in the picture appear younger. Again, Green does not offer any evidence supporting his claim with respect to the Government's alleged failure to disclose information about the picture at issue. Moreover, for the same reasons Green cannot meet the actual innocence exception, the prosecutorial misconduct claim fails because the actual age of the person in the photo is irrelevant, the focus is whether Green believed "Candy" was a minor,

9

and he admitted as such to the police officers that arrested him in Carthage, Missouri.

*The Court will not hold an evidentiary hearing over Grounds One through Seven and Nine through Fifteen*

As the grounds discussed above are either without merit, procedurally defaulted or have been waived, the Court will deny Grounds One through Seven, Nine through Thirteen and Fifteen without holding an evidentiary hearing. *See Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (noting that "[a] petitioner is entitled to an evidentiary hearing on his § 2255 motion unless 'the motion and the files and the records of the case conclusively show that he is entitled to no relief' and furthermore, no hearing is required if the claim is facially inadequate or if the record affirmatively refutes the facts alleged in support of the claim) (quoting 28 U.S.C. § 2255)). *See also Latorre v. United States*, 193 F.3d 1035, 1041 (8th Cir. 1999) (directing the district court to hold an evidentiary hearing on the petitioner's claim of actual innocence unless the district court determines on remand that the claim was waived in the plea agreement). In this case, the record shows that Green knowingly and voluntarily waived his right to assert Grounds One through Seven, Nine, Ten, Twelve, Thirteen and Fifteen, procedurally defaulted his right to bring Ground Eleven, and that Ground Fourteen is entirely without merit. Therefore, Green is clearly not entitled to relief on these grounds and the Court will not hold an evidentiary hearing on these claims.

*Green has not met his burden showing his counsel was ineffective and the Court will not hold an evidentiary hearing on this claim*

The remaining claim that is not waived pursuant to the express terms of the plea agreement is Ground Eight, wherein Green alleges his counsel was ineffective. An ineffective assistance of counsel claim requires a petitioner prove his or her counsel's "performance was

deficient and that the deficiency prejudiced his defense." *Deltoro-Aguilera v. United States*, 625

F.3d 434, 437 (8th Cir. 2010). Deficient performance is defined as performance that "falls below

the 'range of competence demanded of attorneys in criminal cases.' " *Theus v. United States*, 611

F.3d 441, 446 (8th Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Prejudice requires the petitioner "demonstrate that there is a reasonable probability that the

outcome would have been different but for counsel's deficient performance." *Theus*, 611 F.3d at

447. The *Strickland* test also applies to ineffective assistance of counsel claims at the plea

hearing stage. *Wright v. Van Patten*, 552 U.S. 120, 124 (2008). Thus, the prejudice requirement

requires Green show that there was a "reasonable probability that, but for counsel's errors, he

would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474

U.S. 52, 59 (1985).

Green argues that his counsel was ineffective because his counsel represented to Green

that he filed six pretrial motions on Green's behalf which Green has requested his counsel file,

but Green later learned that the motions were never filed and were only discussed as " 'draft

motions' in the judge's chambers with the prosecutor. " (Doc. 1 p. 13). Green states that he

asked for information on the motions, both through letters and phone calls, but his counsel never

responded. Green also alleges that immediately after he signed the plea agreement, his counsel

informed him that he was fighting off the suspension of his law license arising out of personal

tax problems. Green also claims that his counsel told him to plead guilty or he would get life

imprisonment. Finally, Green alleges that he overheard his attorney tell a United States Marshal

that "he did nothing to defend his client." (Doc. 7 p. 4). The Government responds by arguing

that Green's ineffective assistance of counsel claim should be denied because it lacks the

requisite degree of specificity required to support his claim.  The Government highlights the fact

that Green does not identify the substance of the six pretrial motions or provide any evidence

other than his self-serving and conclusory allegations as to how his counsel's performance was

deficient.

With respect to Green's counsel's alleged failure to file six pretrial motions that Green

wanted his counsel to file, this claim must be rejected as petitioner has not demonstrated any

prejudice whatsoever arising out of his counsel's alleged conduct.[2]  In *Kimmelman v. Morrison*,

477 U.S. 365, 375 (1986), the United States Supreme Court reasoned that for petitioner to

establish prejudice on his ineffective assistance of counsel claim based on counsel's alleged

failure to timely file a suppression motion based on the Fourth Amendment, petitioner was

required to "prove that his Fourth Amendment claim [was] meritorious and also that there [was]

a reasonable probability that the verdict would have been different absent the excludable

evidence ..."  Thus, assuming the pretrial motions went to suppression of potential evidence

under the Fourth Amendment, Green would be required to show that any Fourth Amendment

suppression challenge was meritorious.  *Williams v. Locke*, 403 F.3d 1022, 1026 (8th Cir. 2005).

In this particular case, not only does Green not prove the merits of the six motions his counsel

allegedly failed to file before the Court, Green does not even discuss the substance of the

motions.  Additionally, even if the pretrial motions went to other issues outside of the Fourth

Amendment, it is clear Green has not offered anything to establish prejudice, without even

including a simple discussion of the merits of the motions.  Green also cannot overcome the

---

[2] *See Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1104 (8th Cir. 2011) (noting that if it is appropriate to focus and dispose of an ineffective assistance of counsel claim on the prejudice prong then that approach should be followed).

"strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment"[3] by not filing the pretrial motions, as there may have been no non-frivolous issues to raise in a pretrial motion. Finally, although Green's argument fails for these reasons, it is also worth noting that Green does not offer any evidence supporting his contention that he attempted to contact his counsel about filing the six motions, nor does he offer any evidence about any discussions that allegedly took place between Green and his counsel about these motions.

Green has also failed to show that his counsel was ineffective with the unsupported allegations that Green's counsel was facing a bar license suspension for personal tax problems and that his counsel told a United States Marshal that he did not do anything to defend Green. Green's counsel represented to the Court at the Change of Plea hearing that he had sufficient discovery of the Government's case to allow him to advise Green about pleading guilty, indicating that counsel was actively representing Green during the criminal proceedings. Green also stated that he was satisfied with his counsel's representation at the Change of Plea hearing. Finally, Green has not even identified in what manner his counsel failed to represent him, aside from the pretrial motions allegation discussed above. Therefore, Green has not shown that his counsel's performance fell below the range of competence expected of criminal attorneys.

Finally, Green has not offered any evidence that his counsel told Green that if he did not plead guilty he would receive life imprisonment. If Green's unsupported contention is that his counsel coerced him into pleading guilty, this contention is undermined by the fact that at the

---

[3] *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2007) (quoting *Strickland*, 466 U.S. at 689)).

Change of Plea hearing, Green stated that no one tried to pressure him or coerce him into

pleading guilty. Green has again failed to show that his counsel's performance fell below the

range of competence expected of criminal attorneys.

Lastly, the Court will not conduct an evidentiary hearing on Green's ineffective

assistance of counsel claims, as they are allegations that are either "contradicted by the record,

inherently incredible, or conclusions rather than statements of fact," or are allegations that even

if they are accepted as true, do not entitle Green to relief. *Tinajero-Ortiz*, 635 F.3d at 1105.

*The Court will not grant a certificate of appealability on any claim*

The final issue is whether the Court should grant or deny a certificate of appealability. If

a § 2255 Motion is denied on procedural grounds, a certificate of appealability should be granted

only if the petitioner can show both " 'that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional rights *and* that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling.' " *Jimenez

v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)). *See also Nelson v. United States*, 297 F. App'x 563, 566 (8th Cir. 2008) (applying this

standard in a § 2255 action). In this case, the waiver clearly bars all of Green's claims except for

Grounds Eight, Eleven and Fourteen and a certificate of appealability should be denied with

respect to these claims. Ground Eleven is procedurally barred and therefore a certificate of

appealability should not issue with respect to this claim. With respect to Ground Eight, the lack

of evidence put forward by Green and the conclusory fashion in which the arguments are raised

does not warrant a certificate of appealability. Finally, Ground Fourteen, which raises a

jurisdictional challenge, is clearly without merit. Therefore, the Court will not issue a certificate

of appealability on any ground.

## CONCLUSION

For the reasons above, the Motion Pursuant to Section 2255 of Title 28 (Doc. 1) is **DENIED**

and Movant's Request for Status of § 2255 Motion (Doc. 8) is **DENIED AS MOOT**.

The Clerk of the Court is directed to mail a copy of this Order via certified mail, return

receipt requested, at: John Steven Green #20507-045, Federal Correctional Institution, P.O. Box

7007, Marianna, FL, 32447-7007.

**IT IS SO ORDERED**.

DATED:    October 27, 2011                    */s/ Richard E. Dorr*
                                              RICHARD E. DORR, JUDGE
                                              UNITED STATES DISTRICT COURT